NOT FOR PUBLICATION                    (Docket Nos. 9, 15, 17)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____  :
                                :
ANTHONY COX,                    :
                                :
              Plaintiff,        :   Civil No. 05-4190 (RBK)
         v.                     :   OPINION
                                :
SCHOLASTIC BOOK FAIRS, et al.,  :
                                :
              Defendants.       :
_____  :
```

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Plaintiff Anthony Cox ("Cox") for leave to amend his Complaint and motion by Defendants Scholastic Book Fairs, et al. ("Defendants"), for partial dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, Cox's motion will be granted and Defendants' motion will be granted in part and denied in part.

## I.   Background[1]

Defendant Scholastic Book Fairs hired Cox as a supervisor on April 16, 2001, promoting Cox to branch manager in September 2002. Over the course of his employment, Cox took leaves of

---

[1] Because the Court will grant Cox's motion to amend, the following facts are taken from Cox's Amended Complaint, attached as an exhibit to Cox's motion to amend, filed February 14, 2006.

absence for various medical conditions, including diverticulitis, rectal fistulotomy and fistulectomy surgery, post rectal fissure repair, change in bowel habits, Celiac disease, anxiety and depression with acute insomnia, and chemical dependence to prescription narcotics. On April 21, 2003, Cox enrolled in an outpatient program that required his regular absence from work from 9 a.m. until l2 p.m. every Monday, Wednesday, and Friday.

On April 23, 2003, Defendant Robin Perjon-Mack terminated Cox, effective April 25, 2003, allegedly because he missed twelve weeks of work over the course of the past year. Although Defendants later reinstated Cox's employment on May 1, 2004, Cox alleges in his Amended Complaint that the discrimination continued when Defendants improperly classified him as a new employee, depriving him of seniority rights and other benefits to which he is entitled.

Cox filed an administrative complaint with the New Jersey Division on Civil Rights ("DCR") on October 20, 2003. On May 16, 2005, before the DCR adjudication was completed, Cox filed suit in the Eastern District of Pennsylvania. The case was subsequently transferred to the District of New Jersey on August 23, 2005. Cox moved to amend his Complaint on September 1, 2005, and to change venue to the Camden Vicinage on September 2, 2005. The case was transferred to this Court on October 24, 2005. Cox filed an amended motion to amend his Complaint on February 14,

2006. On March 3, 2006, Defendants re-filed their motion for partial dismissal, filed originally in the Eastern District of Pennsylvania. Cox withdrew his claim with the DCR on March 29, 2006. (Pl. Opp'n, filed Mar. 30, 2006.)

In his Amended Complaint, Cox alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq. (Count I), an unlawful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (Count II), detrimental reliance on Defendants' substance abuse policy (Count III), and retaliation in violation of the New Jersey Law against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. (Count IV).[2] Cox's Amended Complaint also adds allegations relating to acts and events occurring subsequent to Defendants' reinstatement of his employment on May 1, 2004. In particular, Cox claims that Defendants' improperly classified him as a "new hire; depriving Plaintiff [sic] benefits associated with his length of service; requiring Plaintiff's execution of a medical release and urging Plaintiff [sic] to abandon his assertion of his legal rights and remedies." (Pl. Am. Compl. at ¶ 27.)

## II.  Motion to Amend

Where a plaintiff has already amended his complaint or defendants have filed a responsive pleading, the plaintiff may further amend the complaint only with leave of the court. Fed. R.

---

[2] These allegations are taken from Cox's Amended Complaint.

Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).
Under Rule 15(a), such leave should be "freely given when justice
so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 271 U.S.
178, 182 (1962) (instructing courts to permit amendments freely
to afford plaintiffs the opportunity to test claims on the
merits).

Defendants concede that "at this stage of the proceedings .
. . the court has little alternative but to allow the amendment."
(Defs. Opp'n Mot. Amend, Mar. 3, 2006). Accordingly, because
leave to amend should be liberally granted and because Defendants
do not oppose Cox's motion, Cox shall be permitted to filed his
Amended Complaint.

## III. Motion to Dismiss

## A. Standard

Dismissal under Rule 12(b)(6) is proper only if "it appears
beyond doubt that plaintiff can prove no set of facts in support
of his claim which would entitle him to relief." In re
Rockefeller Ctr. Properties, Inc., Sec. Litig., 311 F.3d 198, 215
(3d Cir. 2002); Klein v. General Nutrition Co., 186 F.3d 338, 342
(3d Cir. 1999). A motion to dismiss "tests the legal sufficiency
of the complaint." In re ATI Tech., Inc., Sec. Litig., 216 F.
Supp. 2d 418, 427 (E.D. Pa. 2002) (citing Holder v. City of
Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). "The inquiry is not
whether plaintiffs will ultimately prevail in a trial on the

merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

The Court must "accept all well-pleaded allegations in the complaint as true and [] draw all reasonable inferences in favor of the non-moving party." Id. at 215 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). However, the court need not credit a plaintiff's "bald assertions" or "legal conclusions draped in the guise of factual allegations." Id.

**B.   Analysis**

Defendants now move to dismiss Cox's claim under the NJLAD on the grounds that the two year statute of limitations has lapsed, since Cox filed his Complaint on May 16, 2005, over two years after his termination on April 23, 2003. Cox argues that his Complaint was not untimely because (1) his administrative filing with the DCR tolled the limitations period, and (2) his termination is continuous with subsequent NJLAD violations occurring within the statute of limitations.

**A.   Tolling**

Claims under the NJLAD are subject to a two-year statute of limitations. Montells v. Haynes, 133 N.J. 282, 627 A.2d 654, 655 (N.J.1993); Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 n.2 (N.J. 1999). Cox argues that, although his Complaint was filed

outside of the statute of limitations, the limitations period was tolled by his October 20, 2003, complaint with the DCR.

Cox asserts, correctly, that New Jersey courts have not yet explicitly addressed whether a DCR filing tolls the statute of limitations. However, the language of the New Jersey Supreme Court in Wilson v. Wal-Mart Stores, 158 N.J. 263, 265-66 (1999), indicates that the Court has taken it for granted that the limitations period is not tolled. Specifically, in Wilson, the Court observed that the plaintiff filed her original NJLAD claim before the DCR and then refiled her complaint in state court, "[j]ust before the statute of limitations was to expire." Id. at 66. The Court also noted that because the Appellate Division dismissed her claim for failure to withdraw her administrative action before filing in state court, the plaintiff would be barred from refiling her action on the grounds that "the two-year statute of limitations has passed." Id. The implication of these statements is clear: filing a NJLAD claim before the DCR does not act to toll the statute of limitations, should the plaintiff choose to re-file in court. See Sylvester v. Unisys Corp., 1999 WL 167725, *5 (E.D. Pa. 1999) (holding that plaintiff's "filing with the DCR does not toll the statute of limitations on his NJLAD claims").

Logic demands the same outcome. The NJLAD does not require exhaustion of administrative remedies, and, instead, permits the

6

plaintiff to select his preferred forum, either in court or before the DCR. N.J.S.A. 10:5-13 ("Any complainant may initiate suit in Superior Court under this act without first filing a complaint with the division or any municipal office."). Moreover, the NJLAD affords the claimant the option of withdrawing from the administrative proceeding prior to its culmination to pursue the claims in court. Hernandez v. Region Nine Hous. Corp., 146 N.J. 645, 652, 656 (1996). Thus, as the Eastern District of Pennsylvania noted in Sylvester, 1999 WL 167725, *5 (E.D. Pa. 1999), permitting the claimant to toll the statute of limitations by filing initially in the administrative forum "would allow a claimant to '"buy" more time' than the statute of limitations provides." Id. at *5 (quoting Weiss v. International Brotherhood of Elec. Workers, 729 F. Supp. 144, 146 (D.D.C. 1990) (concluding that administrative filing does not toll the limitations period in the context of the District of Columbia's Human Rights Act, which also permits the claimant to select a forum)).

Accordingly, Cox's unlawful termination claim was not tolled by his initial complaint before the DCR.

**B.    Continuing Violation**

Although unclear, Cox may also be contending that his termination remains justiciable as part of a continuing violation under the NJLAD, since Cox alleges that Defendants persisted in their discriminatory and retaliatory behavior after

7

re-employing Cox on May 1, 2004. However, as provided below, the fact that Cox was subsequently rehired is insufficient to extend the statute of limitations attached to his April 23, 2003, termination.

The continuing violation doctrine relieves plaintiffs from statutes of limitations for acts constituting a "continuous course of conduct that ends within the limitations period." Hall v. St. Joseph's Hosp., 343 N.J. Super. 88, 101 (App. Div. 2001) (holding that failure to provide sign language interpreters for each visit to hospital not continuing violation) (citing Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992)). "The purpose of the continuing violation doctrine is to permit a plaintiff to include acts 'whose character as discriminatory acts was not apparent at the time they occurred.'" Hall, 343 N.J. Super. 88, 101 (Appl Div. 2001) (quoting Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 446 (7th Cir. 1994)).

To ascertain whether an alleged event is part of a continuing violation, the Court considers: (1) whether "plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants," or (2) whether "plaintiffs alleged a pattern or series of acts, any one of which may not be actionable as a discrete act, but when viewed cumulatively constitute a hostile work environment." Shepherd v. Hunterdon Devt. Ctr., 174 N.J. 1, 21 (2002). If the alleged act was "discrete," rather than

a cumulative pattern, the "cause of action would have accrued on the day on which those individual acts occurred." Id.

Acts "such as termination, failure to promote, denial of transfer, or refusal to hire" are considered discrete and "easy to identify" as potential NJLAD violations. Shepherd, 174 N.J. at 19 (quoting National RR Passenger Corp. v. Morgan, --- U.S. ----, 122 S. Ct. 2061 (2002)). The equitable foundation underlying the continuing violation doctrine does not apply to such discrete claims, since typically the victim "should have known" that the incident itself was discriminatory at the time it occurred. The law does not permit plaintiffs to simply "sit back and accumulate all the discriminatory acts and sue on all within the statutory period applicable to the last one." Hall, 343 N.J. Super. at 103 (quoting Moskowitz v. Trustees of Purdue Univ., 5 F.3d 279, 281 (7th Cir. 1993)).

Accordingly, the relationship between Cox's termination and Defendants' acts subsequent to his reinstatement does not render his termination part of a continuing violation. Accordingly, Cox's claims that his termination violated the NJLAD will be dismissed. However, to the extent that Cox alleges an NJLAD violation for events relating to his reinstatement, Defendants' motion to dismiss will be denied.

The accompanying Order shall issue today.

Dated: May 5, 2006                    S/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge